# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-293V
Filed: June 2, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MATTHEW S. ROSSEN, | * |
| as Personal Representative of the Estate of | * |
| HOLLY L. ROSSEN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Damages decision based on stipulation; Tdap vaccine; flu vaccine; Guillain-Barré Syndrome

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anne C. Toale, Sarasota, FL, for petitioner.
Julia W. McInerny, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On June 2, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.   Petitioner alleges that his wife, Holly, suffered from Guillain-Barré Syndrome ("GBS") that was caused by her September 23, 2012, receipt of Tetanus-diphtheria-acellular Pertussis ("Tdap") and influenza ("flu") vaccines.   He further alleges that Holly experienced the residual effects of this injury for more than six months and that

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

Holly's death was a sequela of her vaccine injury.   Respondent denies that Holly suffered an adverse reaction to her Tdap and/or flu vaccines, denies that Holly's death was a sequela of her GBS, and denies that her death was vaccine-related.   Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.   The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards a lump sum of **$50,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).   The award shall be in the form of a check for **$50,000.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>June 2, 2014</u>                                                   <u>s/ Laura D. Millman</u>
                                                                                        Laura D. Millman
                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| MATTHEW S. ROSSEN, as Personal Representative of the estate of HOLLY L. ROSSEN, | : : : | No. 13-293V ECF Special Master Millman |
| | : | |
| Petitioner, | : : | |
| v. | : : | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | : : | |
| | : | |
| Respondent. | : : | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Holly Rhew ("Holly" and/or "Holly L. Rossen")[1] filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program") seeking compensation for injuries allegedly related to the diphtheria-tetanus-acellular pertussis ("Tdap") and seasonal influenza ("flu") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Holly received her Tdap vaccine on September 23, 2011 and her flu vaccine on September 30, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Holly suffered Guillain-Barré Syndrome ("GBS") as a result of her Tdap and/or flu vaccinations. Petitioner further alleges that Holly experienced the residual

---

[1] On April 29, 2013, petitioner passed away. On September 11, 2013, the Special Master granted petitioner's motion to recaption the case to reflect Holly's marriage to Matthew S. Rossen and name change to Holly L. Rossen prior to her death, and appointment of Matthew S. Rossen, as personal representative of the estate of Holly L. Rossen ("petitioner").

effects of this condition for more than six months, and that Holly's death was a sequela of her vaccine injury.[2]

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Holly as a result of her alleged vaccine injury or her death.

6. Respondent denies that Holly suffered an adverse reaction to her Tdap and/or flu vaccines, denies that Holly's death was a sequela of her GBS, and denies that her death was vaccine-related.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $50,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all

---

[2] GBS was listed on the death certificate as a condition contributing to death.

2

known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as conservator/legal representative of Holly L. Rossen's estate under the laws of the State of Nebraska. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as conservator/legal representative of Holly L. Rossen's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Holly L. Rossen at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Holly L. Rossen upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of the Estate of Holly L. Rossen, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to and death of Holly L. Rossen resulting from, or alleged to have resulted from, the Tdap vaccination administered on September 23, 2011 and/or the flu vaccination administered on September 30, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about April 25, 2013, in the United States Court of Federal Claims as petition No. 13-293V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap and/or flu vaccines caused or contributed to Holly's alleged GBS or any other injury or her death.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's

4

heirs, executors, administrators, successors, and/or assigns as legal representative of the Estate of

Holly L. Rossen.

 END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

5

Respectfully submitted,

PETITIONER:

MATTHEW S. ROSSEN, as
Personal Representative of the
Estate of HOLLY L. ROSSEN

ATTORNEY OF RECORD FOR
PETITIONER:

ANNE TOALE
MAGLIO, CHRISTOPHER &
TOALE
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A, MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 6·2·14

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

6